morning is the United States v. Carlos Alzamora. Good morning, Your Honors. Glenn Jazwick on behalf of the defendant, Carlos Escobar Alzamora. This matter is basically to determine whether or not it was reasonable for the courts or substantially reasonable for the district court to have sentenced Mr. Alzamora to the death penalty. To 13 months over the guidelines in this matter. I point to the fact that Mr. Alzamora in the plea agreement did in fact accept his responsibility and agreed to the two level enhancement pursuant to guideline 3C 1.2 that he is conduct recklessly created a substantial risk of death or serious bodily injury to another person. And that's from the act of fleeing from the police and that's based upon an aggravating factor. Firing the gun while fleeing. Correct. And the gun did discharge. So that's acknowledged from the fact that that occurred. Also, there is no proof that Mr. Escobar Alzamora fired at the officers. Facts would indicate that the gun went off in his pocket through the bullet hole in his pocket. Having said that, though, that's still a two level enhancement. That two level enhancement took his guidelines from 46 to 57 months to 57 to 71 months. So that's accounted for and that's where our guidelines give that enhancement for that particular conduct. Now, the fact is, is also taken into consideration, I would argue, large share of consideration in determining what is an ultimate sentence. My argument is that it's basically double enhancing by taking the two points and then again enhancing it to go over the guidelines. There's no rule against double counting, either for calculating guidelines ranges or for considering 35-53-8 factors. Understood. But it all goes into the factors as far as what is reasonable, what is unreasonable. My argument would be that it's unreasonable to have a departure from the guidelines 13 months over the guidelines for this conduct based upon all the factors that the court has to take into consideration. But it is something to acknowledge the fact that he was punished with the fact of the two level enhancement. The guidelines range doesn't impose any kind of punishment. It's just a calculation of the advisory range. Understood. There's no double counting rule here. The same conduct that can form the basis for guidelines enhancement can form the basis of a judge's decision to issue an above guidelines sentence. Correct. It can go either way or to assess where the defendant falls within the guidelines range. There's no rule that the conduct that enhances a guidelines range pursuant to an adjustment is verboten when the judge evaluates 35-53-8 factors. That would not be a sound rule. I understand, but the question is whether or not that calculation can in fact take it over to make it so you have a situation as in this where it's above a guidelines sentence. Nothing prohibits that. I'm sorry? Nothing prohibits that. And as I said, that would not be a sound rule. Well, it all goes into the factors of what is reasonable and what is unreasonable. The argument here is based upon all the things that Mr. Escobedo-Elsamora did, which is substantial. During his time in jail, he's in the county jail, but at least had the initiative to be able to get his high school diploma, take a number of courses to show the court that he had the ability to change and the ability to rehabilitate himself. Not only the ability, but the desire. A lot of people have the ability, but they don't have the desire. Mr. Escobedo-Elsamora also had children that he was raising, children that he was supporting. This is a person that had been employed, had worked, and was doing things that showed the court that he had the ability to rehabilitate himself and to be a valued member of society. So what we're arguing is that the 13 months over guidelines was in fact unreasonable. Thank you. Thank you. Ms. Chung. Good afternoon, and may it please the court. Ashley Chung on behalf of the United States. This court should affirm the defendant's 84-month sentence. The district court here first correctly calculated defendant's advisory guidelines range, including the two-level reckless endangerment enhancement that the parties agreed applied. The court then acted well within its discretion in independently determining the appropriate sentence under 3553A. Contrary to defendant's claim, the court's inclusion of the reckless endangerment enhancement in defendant's guidelines does not limit its consideration or weighing of the 3553A factors. The sentencing judge was still required to explain why its sentence was appropriate under the statutory criteria, which of course includes the nature and circumstances of defendant's crime. And the court did so here, pointing to how the defendant's flight from the officers and discharge of the gun endangered the police as well as others in the area, observing that there was traffic in the area and that there were residences and businesses there, noting that the fact that the gun was equipped with both a Glock switch, rendering it a machine gun, as well as an extended magazine with more firing capacity were not both accounted for in the base offense level that applied, and then also going beyond the nature and circumstances of the crime, beyond the reckless flight from the police, to point to defendant's terrible criminal history, including successive felonies and serious misdemeanors committed one after the other in violation of probation and parole, including the fact that defendant had pending state charges that arose after he was arrested for the conduct that underlay his federal case, and also that defendant had disciplinary problems while in state custody. The court pointed to the need to specifically deter this defendant and to protect the public. All of these were appropriate considerations under the Section 3553A factors, and the fact that the defendant disagrees with how the court weighted those factors is not a reason to overturn its sentence. Unless the panel has other questions, we would ask that this court affirm. Thank you. Anything further? No, Your Honor. All right, thank you very much. Our thanks to all counsel. The case is taken under advisement, and that concludes our calendar for today. The court is in recess.